UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DEVON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>E. CRUZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00472-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.　BACKGROUND**

Alan DeVon ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action. Plaintiff filed the complaint commencing this action on March 22, 2021. (ECF No. 1.) Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis.

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time she filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if she wants to proceed with the action.

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it . . .. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). *See also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

### III. ANALYSIS

a. Strikes

Plaintiff initiated this action on March 22, 2021. (ECF No. 1.) The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following cases, each of which counts as a "strike":

(1) *DeVon v. Cambra, et al.*, Case No. 3:98-cv-00600-FMS (N.D. Cal. Feb. 19, 1998) (order denying IFP and dismissing complaint for failure to state a claim);

(2) *DeVon v. Roe, et al.* No. 2:02-cv-06286-TJH-SGL (C.D. Cal. May 7, 2003) (order adopting findings, conclusions, and recommendations of United States Magistrate Judge recommending granting defendants' motion to dismiss complaint for failure to state a claim); and

(3) *DeVon v. California State of, et al.,* Case No. 2:06-cv-00784-UA-SGL (C.D. Cal. Mar. 7, 2006) (order denying IFP and dismissing complaint as legally and/or factually patently frivolous).

The Court also notes that Plaintiff has been found on multiple occasions to have incurred three or more strikes. *See, e.g., DeVon v. Hernandez, et al.,* Case No. 3:2010cv02098 (S.D. Cal. Nov. 3, 2010) (order denying IFP because plaintiff is a three strikes litigant pursuant to § 1915(g)); *DeVon v. Paramo, et al.*, Case No.3:18-cv-02222-DMS-BGS (S.D. Cal. Oct. 13, 2018)

(same).

Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

      b. <u>Imminent Danger</u>

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet her burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)).

///

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff's complaint includes numerous allegations, including retaliatory failure to investigate and process her ADA request and 602s, destruction and/or confiscation of her property, retaliatory refusal to transfer her to a female institution, deliberate indifference to medical care by confiscating her hearing aids and making the TDD phone unavailable, and excessive force. None of these allegations suggest that Plaintiff is in imminent danger.

Plaintiff does allege Defendant E. Cruz told her "you'll be dead soon" and that there was an incident in which Plaintiff was being transported to her cell by E. Cruz and Miranda, her hips and ankle buckled, E. Cruz yelled "stop resisting," he and Miranda "body slammed" Plaintiff, removed her hearing aids, placed a spit hood/mask over her head and tied it so tight she was gasping for oxygen, placed her in a wheelchair, and placed leg shackles on her feet. However, as described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin,* 319 F.3d at 1050.  Plaintiff has provided no such allegations in this case. E. Cruz's threat that Plaintiff will be dead soon does not demonstrate that there is a real and imminent threat to her personal safety, particularly as Plaintiff also alleges that she has been transferred to a different facility. There are no factual allegations suggesting that any of the defendants have seriously injured Plaintiff.  There are also no factual allegations of a pattern of misconduct evidencing a likelihood that any of the defendants will seriously injure Plaintiff in the future.

Plaintiff also alleges that her life is in danger because she was transferred from Kern Valley State Prison to Mule Creek State Prison, where she has documented enemies, and that another transfer has been recommended to California Sate Prison, Sacramento, where she also has documented enemies. However, Plaintiff's complaint does not include any factual allegations to support the conclusory allegations that she is in danger at these facilities, or that there are no procedures in place to protect her while she is housed there. Indeed, Plaintiff alleges that she was placed in administrative segregation upon arrival to Mule Creek State Prison due to a threat to her person.

///

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when she filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if she wants to proceed with the action.

## IV. CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if she wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **March 23, 2021**                            /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE