UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DEVON,<br><br>             Plaintiff,<br><br>      v.<br><br>E. CRUZ, et al.,<br><br>             Defendants. | No. 1:21-cv-00472-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE IN THIS ACTION<br><br>(Doc. No. 4) |

Plaintiff Alan DeVon is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint commencing this action on March 22, 2021. (Doc. No. 1.) Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 24, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the required filing fee in full if she wishes to proceed with this action because: (1) she is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in her complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 4.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.*)

1

1    On April 26, 2021, plaintiff's objections dated March 30, 2021 were docketed. (Doc. No. 6.) Therein, plaintiff does not dispute the magistrate judge's finding that she has brought three or more prior federal civil actions that were dismissed on the grounds specified in § 1915(g). Rather, plaintiff argues that the imminent danger exception of § 1915(g) applies here. (*See id.* at 1–3.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of section 1915(g)." *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (citation omitted). While the court does not seek to minimize the alleged events from which plaintiff's claims arose, it is clear that those claims arise from actions allegedly taken by prison officials at Kern Valley State Prison ("KVSP"), yet plaintiff was transferred to Mule Creek State Prison ("MCSP") before this action was initiated. (Doc. Nos. 1 at 16–17 (stating she was transferred to MCSP on February 16, 2021), 6 at 2; *see also* Doc. No. 1 at 3–4 (listing all defendants as KVSP employees).) Thus, it is apparent that by the time plaintiff filed his complaint in this case on March 22, 2021, he was not in any imminent danger of serious physical injury because of the named defendants' alleged conduct. *See Winfield v. Schwarzenegger*, No. 2:09-cv-0636-KJN-P, 2010 WL 3397397, at *2 (E.D. Cal. Aug. 27, 2010) ("At the time of filing the operative . . . complaint, plaintiff was incarcerated at [CSP-Sacramento]; thus, he is not facing imminent danger of serious physical injury based on allegations against defendant . . . at San Quentin State Prison.").

/////

In her objections, plaintiff argues that she remains in imminent danger because she was transferred from KVSP to MCSP where she has documented enemies and was placed in the administrative segregation unit ("ASU"), plus the "mere fact of any woman housed in a man['s] prison and not gender conforming is evident" of imminent danger. (Doc. No. 6 at 2–3; *see also* Doc. No. 1 at 17 (stating that she was being placed in ASU "due to a threat on [her] person.").) However, as explained in the pending findings and recommendations, plaintiff's complaint "does not include any factual allegations to support the conclusory allegations that she is in danger at [MCSP], or that there are no procedures in place to protect her while she is housed there," especially since she was placed in ASU due to a threat. (Doc. No. 4 at 4.) Ultimately, the undersigned agrees with the conclusion reached in the pending findings and recommendations that the imminent danger exception to § 1915(g)'s three-strikes provision does not apply here.

Accordingly,

1. The findings and recommendations entered on March 24, 2021 (Doc. No. 4), are adopted in full;

2. Pursuant to 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* in this action must be denied;

3. Within thirty (30) days from the date of service of this order, plaintiff is required to pay in full the $402.00 filing fee for this action;

4. Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice; and

5. This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **August 12, 2021**

UNITED STATES DISTRICT JUDGE